UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

      Plaintiff,

v.                        Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, LLC, et al.,

      Defendants.
_____/

## ORDER

This matter comes before the Court in consideration of Plaintiff Alfred Barr's Motion to Review Administrative Prerequisites (Doc. # 61), filed on March 14, 2016. Defendants One Touch Direct, DPG Employee Leasing, LLC, and AT&T Services, Inc. filed a response on March 31, 2016. (Doc. # 66). The Motion is ripe for review and, for the reasons stated herein, the Court denies the Motion.

## Discussion

### A.   Background

This action arises from, among other things, alleged work-place discrimination. (Doc. ## 1, 64). Barr alleges he filed a complaint with the Equal Employment Opportunity Commission (EEOC) in January of 2014. (Doc. # 64 at ¶ 14); see also (Doc. # 61 at ¶ 1) (stating, Barr "served the EEOC

1

. . . with verified complaints [on] January 24, 2014, identifying three respondents, AT&T, [One Touch Direct], and DPG"). The EEOC assigned charge number 511-2014-00861, 511-2015-01732, and 511-2015-01742 to the charges against One Touch Direct, AT&T, and DPG, respectively. (Doc. # 68-1 at 4-6).[1]

A notice of charge of discrimination was sent to One Touch Direct. (Id. at 4). With respect to the charge against One Touch Direct, the parties agreed to mediate on January 15, 2015. (Id. at 10, 15-16); see also 29 C.F.R. § 1601.20 (stating the Commission may encourage settlement prior to the issuance of a reasonable-cause determination and authorizing certain directors, or their designees, to sign such settlements). A settlement agreement was prepared, but it was not executed by One Touch Direct or the EEOC. (Doc. # 68-1 at 11-12). Thereafter, a notice of charge of discrimination was sent to AT&T and DPG. (Id. at 5-6).

Then, on July 9, 2015, the EEOC issued Barr two right-to-sue letters, one as to the charge against AT&T and one as

---

[1] The Court notes Barr's supplement (Doc. # 68) was terminated because he used the incorrect filing event. Barr refiled his supplement (Doc. # 71), but the attachments are discovery-related, not the documents Barr originally attempted to file. Compare (Doc. # 68-1), with (Doc. # 71-1).

to the charge against DPG. (Id. at 8-9, 13-14) (showing right-to-sue letters issued July 9, 2015, and mailed July 10, 2015). Barr was also issued a right-to-sue letter as to One Touch Direct, which was mailed on August 11, 2015. (Id. at 7). All three right-to-sue letters indicated the EEOC was "unable to conclude that the information obtained establishe[d] violations of the statutes." (Id. at 7-9).

Barr instituted the instant action on October 9, 2015. (Doc. # 1). While this action was pending, the EEOC issued a notice of intent to revoke pursuant to 29 C.F.R. § 1601.19(b) as to the charge against DPG on November 4, 2015. (Doc. # 68-1 at 14). The EEOC also issued a notice of intent to revoke pursuant to 29 C.F.R. § 1601.19(b) as to the charge against AT&T on November 9, 2015. (Id. at 13).

Litigation proceeded, and with leave of Court, Barr filed an Amended Complaint on January 19, 2016. (Doc. ## 33, 38). One Touch Direct, AT&T, and DPG moved to dismiss the Amended Complaint in its entirety (Doc. # 43) and, because Barr failed to timely respond, the Court granted the motion as unopposed (Doc. # 50). Upon Barr's motion (Doc. # 53), the Court granted leave to file another amended complaint (Doc. # 56). The Second Amended Complaint contains five Counts:

Count I—"Violations of Title VII is Plead Against All Defendants' [sic] Equally";

Count II—"Florida's Whistleblower Act (FWA) Against AT&T and OTD";

Count III—"Violations of the FLSA – 29 CFR 1620.33 – Against OTD, DPG, Mole and Reed";

Count IV—"Violations of Title I ADA Against OTD, DPG, Mole and Reed"; and

Count V—"Interference with At-Will Business Relationships Against AT&T."

(Doc. # 64 at 4, 6, 9, 12, 14) (capitalization and bolding not in original).

Barr's present Motion "challenges the scope of the investigative procedures prior to 'any action' by the EEOC, and prior to judicial action by the District Court." (Doc. # 61 at 2). In particular, Barr raises two arguments in support of his request for the Court to remand this action to the EEOC: (1) the EEOC did not thoroughly investigate Barr's claims of discrimination and (2) the EEOC did not attempt to conciliate Barr's claims. The Motion also questions the effect that the two notices of intent to revoke have on this action.

B.   **Analysis**

As a preliminary matter, the Court notes that only Barr's Title VII and ADA claims are subject to the jurisdiction of

4

the EEOC. <u>See</u> 42 U.S.C. §§ 2000e-4, 12117(a). In addition, for reasons discussed below, it bears emphasis that the EEOC is not the plaintiff in, nor a party to, this action.

## 1.   <u>Investigate</u>

Barr's arguments on this point are less than clear. Barr states, "[t]he scope of the investigation is being challenged . . . . The scope was so defective that the process amounts to a superficial, little more than precursors to RTS dismissal letters . . . ." (Doc. # 61 at ¶ 35). Barr further states, "the EEOC divided the defendants' into irregular inquiry numbers not the normal case numbers and waived conciliation without obtaining any positions statements or reply to the charges;…how is this an investigation?" (<u>Id.</u> at ¶ 46). Thus, the Court understands Barr's argument to be one that challenges the manner by which the EEOC investigated his charge of discrimination.

However, such an argument is precluded by well-settled case law. <u>See</u> <u>Martin v. E.E.O.C.</u>, 19 F. Supp. 3d 291, 303 (D.D.C. 2014) (stating, "Title VII does not provide—and the Court is not aware of—any specific parameters for how the EEOC must conduct an investigation"). Several Circuits have also held a court may not review the sufficiency of an investigation. <u>E.E.O.C. v. Sterling Jewelers, Inc.</u>, 801 F.3d

96, 101 (2d Cir. 2015) (stating, "courts may not review the *sufficiency* of an investigation . . ."); EEOC v. CRST Van Expedited, Inc., 679 F.3d 657, 674 (8th Cir. 2012) (stating, "as a general rule, 'the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency'" (quoting E.E.O.C. v. Keco Indus., Inc., 748 F.2d 1097, 1100 (6th Cir. 1984))); Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002) (same).

Furthermore, to the extent Barr's Motion can be construed as challenging whether an investigation occurred, the Court finds Barr's arguments unpersuasive. Although Barr asserts "the RTS's were issued falsely claiming there was an investigation," (Doc. # 61 at ¶ 42), there is no evidence in the record supporting such an assertion. The notices of intent to revoke do not explain why the EEOC issued those notices, there is nothing in the record indicating whether the entire administrative record has been filed, and the timing of when the EEOC issued the various notices and letters is not indicative of the falsity Barr argues exists. The Court also notes "Title VII 'does not condition an individual's right to sue upon the EEOC's performance of its administrative duties.'" Sims v. Trus Joist MacMillan, 22 F.3d 1059, 1063 (11th Cir. 1994) (citation omitted).

In addition, the cases relied on by Barr in support of his argument vis-à-vis the EEOC's investigation are not persuasive. To begin with, <u>E.E.O.C. v. Sterling Jewelers, Inc.</u>, 3 F. Supp. 3d 57 (W.D.N.Y. 2014), was vacated by the Second Circuit. <u>Sterling Jewelers</u>, 801 F.3d at 104. Likewise, <u>E.E.O.C. v. CRST Van Expedited, Inc.</u>, 670 F.3d 897 (8th Cir. 2012), was vacated on rehearing. <u>CRST Van Expedited</u>, 679 F.3d at 658.

Moreover, several of the cases Barr cites address the early issuance of a right-to-sue letter pursuant to 29 C.F.R. § 1601.28(a)(2). <u>See</u> <u>Martini v. Fed. Nat'l Mortg. Ass'n</u>, 178 F.3d 1336, 1339 (D.C. Cir. 1999); <u>Simler v. Harrison Cty. Hosp.</u>, 110 F. Supp. 2d 886, 890 (S.D. Ind. 2000); <u>Stetz v. Reeher Enters., Inc.</u>, 70 F. Supp. 2d 119, 124 (N.D.N.Y. 1999). But, nothing in the record indicates the right-to-sue letters in this case were issued pursuant 29 C.F.R. § 1601.28(a)(2). Additionally, Barr does not challenge the validity of 29 C.F.R. § 1601.28(a)(2) and, even if he were attempting to do so, the Eleventh Circuit has previously held the regulation valid. <u>Sims</u>, 22 F.3d at 1062-63.

Barr's reliance on <u>Lang v. Kohl's Food Stores, Inc.</u>, 217 F.3d 919, 926 (7th Cir. 2000), is also misplaced. In his Motion, Barr cites <u>Lang</u> as ruling that cursory treatment of

complaints by the EEOC does not comport with the EEOC's obligation. (Doc. # 61 at ¶ 39). In actuality, Lang briefly discussed the EEOC investigation in that case during the court's analysis of whether the district court erred in its application of Federal Rule of Evidence 403. 217 F.3d at 925-28. In a similar vein, Barr's reliance on Gibson v. West, 201 F.3d 990, 993 (7th Cir. 2000) (holding failure to exhaust administrative remedies is not a jurisdictional flaw), does nothing to advance his argument in favor of remand given the fact the present Motion does not address whether Barr exhausted his administrative remedies.

Barr also cites Mach Mining, LLC v. E.E.O.C., 135 S. Ct. 1645, 1649 (2015), Marshall v. Sun Oil Co. of Pennsylvania, 592 F.2d 563, 566 (10th Cir. 1979), and Brennan v. Ace Hardware Corp., 495 F.2d 368, 374 (8th Cir. 1974). However, these cases address conciliation, not investigation. As such, they provide little to no support for Barr's argument with respect to the EEOC's investigation and, as discussed below, the conciliation requirement does not apply in suits brought by private litigants, nor was it trigged in this case.

Of all the cases cited by Barr in support of his argument as to the EEOC's investigation, only one addresses a situation wherein a court remanded a Title VII action instituted by a

private litigant against his employer to the EEOC because the EEOC issued a right-to-sue letter before the expiration of 180 days: <u>Allaire v. HSBC Bank USA</u>, No. 00-CV-0084E(SC), 2000 WL 743976, at *1 (W.D.N.Y. May 2, 2000). However, <u>Allaire</u> is readily distinguishable from this case. In <u>Allaire</u>, the EEOC issued a right-to-sue letter (without citing 29 C.F.R. § 1601.28(a)(2)) within five days of the charge being filed. <u>Id.</u> In stark contrast, Barr filed his charge of discrimination in January of 2014, and the EEOC issued right-to-sue letters in July and August of 2015. (Doc. # 68-1 at 7-9). Thus, the reasoning of <u>Allaire</u>, which centered on a five day turn-around time by the EEOC, is inapplicable in this case.

In short, the Court declines Barr's invitation to review the sufficiency of the EEOC's investigation. And, to the extent Barr's Motion can be construed as challenging whether an investigation occurred, Barr has not carried his burden of persuasion as the movant.

## 2.   <u>Conciliate</u>

Although recognizing Title VII's conciliation requirement does not apply in a suit brought by a private litigant against his or her employer (Doc. # 61 at 2 n.5 (citing <u>DeAngelis v. Circle K Stores, Inc.</u>, No. 14-21112-GAYLES/TURNOFF, 2015 WL 4397528, at *5 (S.D. Fla. July 17,

2015))), Barr nevertheless insists the Court must review whether the EEOC complied with the conciliation requirement. However, as noted in <u>DeAngelis</u>, "the Court need not ascertain whether the EEOC made an attempt to conciliate in good faith because it is not relevant to Plaintiff's action." 2015 WL 4397528, at *5.

Furthermore, even if the Court were to review whether the EEOC complied with the conciliation requirement, the conciliation requirement is only triggered if the EEOC determines there is reasonable cause to believe a charge is true. 42 U.S.C. § 2000e-5(b) (stating, "[i]f the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion"). In this case, the EEOC issued three right-to-sue letters. (Doc. # 68-1 at 7-9). All three right-to-sue letters stated that the EEOC was unable to conclude a violation had been established. (<u>Id.</u>). Thus, the EEOC was not required to endeavor to conciliate Barr's claims.

### 3.   <u>Notice of Intent to Revoke</u>

Barr also questions the effect that the two notices of intent to revoke have on this action. The EEOC may reconsider

a final determination of no reasonable cause. 29 C.F.R. § 1601.19(b). A notice of intent to reconsider must be issued to all parties of the charge, if the EEOC decides to reconsider a final determination of no reasonable cause. Id.

Furthermore, the regulation itself addresses the effect of a notice of intent to reconsider. In particular, the regulation provides:

> [i]f such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days.

Id. However, "[i]f the 90 day suit period has expired, [or] the charging party has filed suit . . ., the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in 90 days." Id.

In this case, only two notices of intent to revoke were issued: one with respect to the charge against AT&T and one with respect to the charge against DPG. (Doc. # 68-1 at 13-14). In each instance, well more than 90 days elapsed between the issuance of the right-to-sue letter and the issuance of

11

the notice of intent to revoke. See (Id. at 5-6, 13-14). Furthermore, Barr filed the present action against, among others, AT&T and DPG before the notices of intent to revoke were issued by the EEOC. As such, although the notices of intent to revoke vacated the related letters of determination, they had no effect on Barr's ability to sue in this Court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Alfred Barr's Motion to Review Administrative Prerequisites (Doc. # 61) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of April, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE