UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                                    Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, LLC, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants One Touch Direct, LLC, AT&T Services, Inc., and DPG Employee Leasing LLC's Motion to Dismiss (Doc. # 69), filed on April 4, 2016. Also before the Court is Defendants Joseph Mole and Christopher Reed's Motion to Dismiss (Doc. # 70), filed on April 4, 2016. Plaintiff Alfred Barr filed a response to One Touch Direct, AT&T, and DPG's Motion on April 14, 2016. (Doc. # 74). Barr filed his response to Mole and Reed's Motion on April 15, 2016. (Doc. # 76). The Motions are ripe for review and, for the reasons stated below, the Court grants the Motions to the extent provided herein.

**I.**   **Background**

This action arises from, among other things, alleged work-place discrimination. (Doc. # 1). Barr filed his

original Complaint on October 9, 2015. (Id.). AT&T and DPG moved to dismiss the Complaint. (Doc. # 19). Likewise, One Touch Direct moved to dismiss the Complaint. (Doc. # 21). Barr filed responses to the Motions (Doc. ## 25-26), as well as two Motions to Amend. (Doc. ## 29-30). The Court granted Barr leave to file an amended complaint. (Doc. # 33).

Subsequently, Barr filed an Amended Complaint on January 19, 2016. (Doc. # 38). One Touch Direct, AT&T, and DPG moved to dismiss the Amended Complaint. (Doc. # 43). Mole and Reed also moved to dismiss the Amended Complaint; Mole and Reed sought dismissal, in part, under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. # 44). Because Barr failed to timely respond to One Touch Direct, AT&T, and DPG's Motion, the Court granted the Motion as unopposed. (Doc. # 50). Upon Barr's Motion (Doc. # 53), the Court granted him permission to file a second amended complaint (Doc. # 56).

Before filing his Second Amended Complaint on March 18, 2016, (Doc. # 64), Barr filed a Motion to Compel as to Mole's and Reed's initial disclosures under Rule 26, Fed. R. Civ. P. (Doc. # 60). Mole and Reed filed a response to Barr's Motion to Compel, in which they argued service was never properly effected and, thus, they were under no obligation to serve

initial disclosures. (Doc. # 65). The Second Amended Complaint contains five counts:

> Count I––"Violations of Title VII is Plead Against All Defendants' [sic] Equally";
>
> Count II––"Florida's Whistleblower Act (FWA) Against AT&T and OTD";
>
> Count III––"Violations of the FLSA – 29 CFR 1620.33 – Against OTD, DPG, Mole and Reed";
>
> Count IV––"Violations of Title I ADA Against OTD, DPG, Mole and Reed"; and
>
> Count V––"Interference with At-Will Business Relationships Against AT&T."

(Doc. # 64 at 4, 6, 9, 12, 14)(capitalization not in original and bolding omitted). In response to the Second Amended Complaint, One Touch Direct, AT&T, and DPG moved to dismiss. (Doc. # 69). Likewise, Mole and Reed moved to dismiss the Second Amended Complaint, in part moving under Rule 12(b)(5). (Doc. # 70). The Motions are now ripe for review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v.

Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

**III. Analysis**

    **A.   Failure to Caption the Motions as Dispositive**

Barr argues this Court should deny Defendants' respective Motions outright for their failure to label the Motions as dispositive. (Doc. ## 74 at 1-2, 4; 76 at 2-3). In support of his argument, Barr correctly notes that Local Rule 3.01(h) states in part, "[a]ll dispositive motions must be so

designated in the caption of the motion." Barr also cites <u>Whineglass v. Smith</u>, No. 8:11-cv-2784-T-23TGW, 2013 WL 2237841 (M.D. Fla. May 21, 2013), and <u>Dimieri v. Medici Pharmaceutical Corp.</u>, No. 2:14-cv-176-SPC-DNF, 2015 WL 2238196 (M.D. Fla. May 12, 2015), as support.

In <u>Whineglass</u> the plaintiffs requested, "[a]s an aside," summary judgment in their favor by way of a response to a motion for summary judgment filed by the defendants. 2013 WL 2237841, at *5 n.3 (alteration in original). In a similar fashion, the defendants in <u>Dimieri</u> filed a motion entitled "Motion to Strike Plaintiff's Expert Report and Amended Motion for Summary Judgment and Incorporated Memorandum of Law." 2015 WL 2238196 at *1. The court in <u>Dimieri</u> denied the motion's request for summary judgment because it "lumped together" a motion for summary judgment with another motion. <u>Id.</u> at *3-4. Thus, <u>Whineglass</u> and <u>Dimieri</u> are distinguishable.

In contrast, the Court finds <u>McLaughlin v. Brennan</u>, No. 3:13-cv-987-J-34-MCR, 2016 WL 1271514, at *3-4 (M.D. Fla. Mar. 31, 2016), persuasive. The court in <u>McLaughlin</u> was faced with an argument similar to the one advanced by Barr: namely, an otherwise properly filed motion should be denied if it does not have the word "dispositive" in the caption. <u>Id.</u> The

5

McLaughlin court declined to read Whineglass, Dimieri, and Local Rule 3.01(h) as requiring denial of an otherwise properly filed motion solely because it failed to include the word "dispositive" in the caption. Id. Rather, the court in McLaughlin noted that the motion before it only sought summary judgment and was properly titled as seeking that relief. Id. at *4. Noting such a motion was, "of course, a dispositive motion," the court rejected the 3.01(h) argument and proceeded to the merits. Id.

As in McLaughlin, the Motions in this case seek one form of relief—dismissal with prejudice. A motion to dismiss is a dispositive motion. Karl C. Mitchell v. Warden Stanley Williams, et al., No. 6:15-cv-93, 2016 WL 1559165, at *3 (S.D. Ga. Apr. 18, 2016) (stating, "[a] motion to dismiss is dispositive in nature . . ."). McLaughlin's reasoning therefore applies with equal force here. As such, the Court declines to deny Defendants' respective Motions based solely on the fact they are not labeled as "dispositive" in the captions, and will proceed to the merits of the Motions.

However, the Court takes this opportunity to remind counsel for Defendants that he, too, must comply with all Local Rules, as well as the Federal Rules of Civil Procedure.

B.   **Service of Process as to Mole and Reed**

Rule 4(c), Fed. R. Civ. P., prescribes that the plaintiff bears the responsibility of effecting service. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). A defendant may assert the defense of insufficient service of process by way of a pre-answer motion. Fed. R. Civ. P. 12(b)(5).

But, "[u]nder Fed. R. Civ. P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." Pardazi, 896 F.2d at 1317. "[A] party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its other responsive pleading or general appearance." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1218 n.21 (11th Cir. 2009); see also Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854 (11th Cir. 2010) (noting defendant can waive personal jurisdiction defense by making an appearance, "was involved in overt wrongdoing to deceive the court and avoid service of process," and might waive the defense by ignoring faulty service).

7

Barr's primary argument in opposition to Mole and Reed's Motion is that Mole and Reed waived the defense of insufficient service of process and have consented to the jurisdiction of the Court. However, after review, the Court determines no such waiver has occurred in this case.

To begin, Barr argues Matthew David Westerman, Esq. appeared on behalf of Mole and Reed at the Case Management Hearing on January 13, 2016. (Doc. # 76 at 3) (stating "[t]he court asked whether Attorney Westerman was counsel for [Mole] and [Reed] for the purposes of the January 13, 2016 proceedings, Attorney Westerman responded in the affirmative"). However, Barr does not provide a transcript of the January 13, 2016, Case Management Hearing. The Court, therefore, must rely on its own recollection of the Case Management Hearing. Based on the Court's recollection, Westerman appeared on behalf of One Touch Direct, AT&T, and DPG. When asked by the Court whether he represented Mole and Reed, Westerman indicated that he might if service were effected as to Mole and Reed.

Barr further argues that Mole and Reed waived the defense of insufficient service of process by filing an answer, including other arguments in their Motion, and participating

8

in litigation. (Id. at 5, 12). These arguments are unpersuasive.

Mole and Reed have not filled any pleading in this case. See Fed. R. Civ. P. 7 (defining what constitutes a pleading and a motion). To be sure, a review of the record demonstrates Mole and Reed's first filing was a Motion to Dismiss pursuant to, in part, Rule 12(b)(5). (Doc. # 44). The record further shows Mole and Reed have repeatedly asserted the defense of insufficient service of process. (Doc. ## 65, 70, 77). Moreover, the inclusion of other defenses in Mole and Reed's Motion does not equate to a waiver of their defense of insufficient service of process. See Fed. R. Civ. P. 12(b) (stating, "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion"); Fed. R. Civ. P. 12(g)(1) (noting defendant may join multiple Rule 12 motions together).

In addition, Mole and Reed's requests for extensions of time and responses in opposition to Barr's various motions—especially when one of those responses asserted the very defense of insufficient service of process (Doc. # 65)—do not constitute a waiver of the defense. See Clark v. City of Zebulon, 156 F.R.D. 684, 694 (N.D. Ga. 1993) (concluding that "the fact that the [defendant] continued to participate in

9

discovery and in the process of moving the case toward trial does not constitute waiver of the defenses").

Having determined Mole and Reed did not waive the defense of insufficient service of process, the Court turns to whether service was sufficient. Rule 4(e) provides a person may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In turn, Florida law provides:

> [s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a). Although substitute service is allowed, Id. at §§ 48.031(2)(a)-(b), neither method is applicable here.

10

In this case, because Barr is proceeding in forma pauperis, a United States deputy marshal or clerk attempted to effect service. See Fed. R. Civ. P. 4(c)(3); (Doc. ## 5, 41-42). The returns of service indicate that process was served on Nancy Heck, who is listed as an office manager. (Doc. ## 41-42). As the returns of service indicate, service was not effected on either Mole or Reed because serving an office manager does not satisfy the requirement of personal service. Lowe v. Hart, 157 F.R.D. 550, 552 (M.D. Fla. 1994) (citing Stoeffler v. Castagliola, 629 So. 2d 196, 197 (Fla. 2DCA 1993)); see also Anthony v. Gary J. Rotella & Assocs., P.A., 906 So. 2d 1205, 1206-08 (Fla. 4th DCA 2005) (holding personal service not effected by leaving process with co-worker).

If a defendant is not served within the time limit prescribed in Rule 4(m), "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although Mole and Reed request dismissal with prejudice (Doc. # 70 at 9), the Court declines to do so. Rather, the Court will permit Barr another opportunity to have service properly effected through a United States marshal. Service of

11

process must be effected, and proof thereof filed with the Court, by **May 11, 2016**. Failure to effect service by May 11, 2016, will result in the action being dismissed as against Mole and Reed.

### C.   Individual Liability under Title VII and the ADA

Counts I and IV of the Second Amended Complaint allege violations of Title VII and the ADA, respectively, against Mole and Reed. (Doc. # 64 at 4, 12). However, individuals are not liable under either Title VII or the ADA. Pouyeh v. UAB Dep't of Ophthalmology, 625 Fed. Appx. 495, 498-99 (11th Cir. 2015) (stating that plaintiff "failed to state a claim . . . because there is no individual liability under . . . Title VII" (citing Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991))); Tobar v. Fed. Defs. Middle Dist. of Ga., Inc., 618 Fed. Appx. 982, 985 n.2 (11th Cir. 2015) (noting that "district court correctly dismissed [defendant] from the lawsuit because there is no individual liability under . . . the ADA" (citing Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (stating, "individual liability is precluded for violations of the ADA's employment discrimination provision"))). Thus, Counts I and IV are dismissed with prejudice insofar as they are brought against Mole and Reed.

**D.   Shotgun Pleading**

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted). Furthermore, courts are under an independent obligation to order a repleader when faced with a shotgun pleading. McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001)).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts . . ."; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible

13

for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The Second Amended Complaint fails to separate each cause of action or claim for relief into a different count. For example, Count I asserts claims for discrimination, retaliation, and hostile-work environment. Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1248-49 (11th Cir. 2014) (listing elements for hostile-work environment claim); Rainey v. Holder, 412 Fed. Appx. 235, 237-38 (11th Cir. 2011) (listing elements for employment-discrimination and retaliation claims). Count II asserts claims under two different statutes. Count III is labeled as asserting an FLSA claim, but it also mentions the Equal Pay Act. Continuing the trend, Count IV asserts claims for discrimination and retaliation under the ADA. Parker v. Econ. Opportunity for Savannah-Chatham Cty. Area, Inc., 587 Fed. Appx. 631, 633 (11th Cir. 2014) (listing elements for retaliation claim under the ADA); Wofsy v. Palmshores Ret. Cmty., 285 Fed. Appx. 631, 632 (11th Cir. 2008) (listing elements for employment-discrimination claim under the ADA). Barr must separate each cause of action or claim into different counts.

Furthermore, the Second Amended Complaint also falls into the fourth category of shotgun pleadings. For example, Count I alleges three different claims against five different Defendants. In addition, it is not evident which Defendant is alleged to be responsible for which acts. Even accepting Barr's convention of using an apostrophe to differentiate between singular and plural conjugates of a word (e.g., "defendant's" denoting singular and "defendants'" denoting plural (Doc. # 74 at 10)), uncertainty remains as to which allegations apply to a particular Defendant. A prime example is the second sentence of Paragraph 22, which states, in part, "[t]he defendant's computer and business records establish evidence . . . ." (Doc. # 64 at ¶ 22). The allegation begs the question, which of the five Defendants have a computer and business records that form the putative evidence?

Count V is also of the shotgun variety. Count V attempts to bring a claim for interference with an at-will business relationship against AT&T. (Doc. # 64 at 14). However, it is less than obvious with which of the Defendants Barr allegedly had a business relationship that was tortuously interred with by AT&T. Due to this uncertainty, the Court is unable to accurately determine whether Count V states a cause of action.

**IV. Conclusion**

Because Barr is proceeding in forma pauperis, he is directed to complete and return the "Summons in a Civil Case" form to the Clerk, whereupon the United States marshal is directed to serve those summonses upon the appropriate parties. Service of process must be effected in accordance with Federal Rule of Civil Procedure 4 as to Mole and Reed, and proof thereof filed, by May 11, 2016.

Furthermore, Counts I and IV are dismissed with prejudice as to Mole and Reed. Finally, the remaining portions of the Second Amended Complaint constitute a shotgun pleading and, therefore, are due to be dismissed. However, such dismissal is without prejudice. If Barr elects to file a third amended complaint, he must address the deficiencies discussed herein. Barr has until May 16, 2016, to file a third amended complaint. In ordering a repleader, the Court points out that the Federal Rules of Civil Procedure "work together 'to require the pleader to present his claims discretely and succinctly . . . .'" Fikes v. city of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) One Touch Direct, LLC, AT&T Services, Inc., and DPG Employee Leasing LLC's Motion to Dismiss (Doc. # 69), and Defendants Joseph Mole and Christopher Reed's Motion to Dismiss (Doc. # 70) are **GRANTED** to the extent provided herein.

(2) Counts I and IV of the Second Amended Complaint are **DISMISSED WITH PREJUDICE** as to Joseph Mole and Christopher Reed.

(3) Plaintiff Alfred Barr is directed to complete and return the "Summons in a Civil Case" form to the Clerk, whereupon the United States marshal is **DIRECTED** to serve those summonses upon the appropriate parties.

(4) Service of process must be effected in accordance with Federal Rule of Civil Procedure 4 as to Mole and Reed, and proof thereof filed, by May 11, 2016.

(5) Plaintiff Alfred Barr has until May 16, 2016, to file a third amended complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of April, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE