UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

      Plaintiff,

v.                         Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, et al.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Alfred Barr's Motion for Reconsideration (Doc. # 79), filed on April 22, 2016. Defendants One Touch Direct, LLC, DPG Employee Leasing, LLC, and AT&T Services, Inc. filed a response in opposition on May 9, 2016. (Doc. # 86). For the reasons stated herein, the Court denies the Motion for Reconsideration.

**Discussion**

Barr alleges he filed his complaint with the Equal Employment Opportunity Commission (EEOC) in January of 2014. (Doc. # 64 at ¶ 14); see also (Doc. # 61 at ¶ 1) (stating, Barr "served the EEOC . . . with verified complaints [on] January 24, 2014, identifying three respondents, AT&T, [One Touch Direct], and DPG"). The EEOC assigned charge number

1

511-2014-00861, 511-2015-01732, and 511-2015-01742 to the charges against One Touch Direct, AT&T, and DPG, respectively. (Doc. ## 68-1 at 4-6; 79-1 at 5-7, 11-13). Thereafter, the EEOC issued a right-to-sue letter for each charge number. (Doc. ## 68-1 at 7-9; 79-1 at 8-10). Barr then filed this action on October 9, 2015. (Doc. # 1). But, on November 4 and 9, 2015, the EEOC issued notices of intent to revoke the right-to-sue letters in the charges against AT&T and DPG. (Doc. # 68-1 at 13-14; 79-1 at 19-20). The notices of intent to revoke note, in accordance with 29 C.F.R. § 1601.19(b), that Barr's right to sue would not be vacated if he had already filed suit, which he had.

On March 14, 2016, Barr filed his Motion to Review Administrative Prerequisites requesting the Court remand this action to the EEOC, to which One Touch Direct, DPG, and AT&T timely filed a response in opposition. (Doc. ## 61, 66). The Court denied Barr's Motion to Review Administrative Prerequisites on April 15, 2016. (Doc. # 75). Barr now moves the Court to reconsider its prior Order. (Doc. # 79).

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). "[R]econsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile,

Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). So, "a motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks and alterations omitted). "[A] district court does not abuse its discretion when denying a Rule 59(e) motion made merely 'to relitigate old matters' or 'raise argument[s] or present evidence that could have been raised prior to the entry of judgment.'" Id.; see also Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (stating, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment)."

Most, if not all, of Barr's Motion for Reconsideration simply rehashes prior arguments or expresses disagreement with the Court's April 15, 2016, Order. Further, while Barr's

arguments are unpersuasive, the Court addresses several in particular.

To begin, Barr asserts new evidence warrants reconsideration. "[I]n order to grant a motion to reconsider based on the availability of new evidence, a court must first determine 'that the evidence was not available during the pendency of the motion.'" Messinese v. USAA Cas. Ins. Co., 622 Fed. Appx. 835, 840 (11th Cir. 2015) (quoting Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)). The record before the Court does not support a finding that the documents attached to the Motion for Reconsideration were not available during the pendency of the Motion to Review Administrative Prerequisites. Rather, the record demonstrates Barr simply had issues uploading the documents that were in his possession. See (Doc. ## 61 at ¶ 1; 68 at 4 (stating, "Plaintiff . . . attaches to this document, Exhibits A thru H, which should have been attached to Plaintiff's document #61); 71); Compare (Doc. # 68-1), with (Doc. # 79-1). Furthermore, even if the evidence was new, it still does not establish the falsity Barr argues exists.

Barr's exhaustion and primary-jurisdiction arguments are also unpersuasive. When Barr originally instituted this action, he had already filed charges with EEOC and received

right-to-sue letters with respect to each charge. (Doc. ## 1; 64 at ¶ 14; 68-1 at 7-9; 79-1 at 8-10). The EEOC's issuance of the notices of intent to revoke (Doc. ## 68-1 at 13-14; 79-1 at 19-20), did not obviate Barr's right to sue given the fact he had already filed suit and the 90-day period had expired. <u>See</u> 29 C.F.R. § 1601.19(b).

Furthermore, "[t]he doctrine of primary jurisdiction 'comes into play whenever enforcement of the claim requires the resolution of issues, which under a regulatory scheme, have been placed within the special competence of an administrative body.'" <u>Axiom Worldwide, Inc. v. Becerra</u>, No. 8:08-cv-1918-T-27TBM, 2009 WL 1347398, at *5 (M.D. Fla. May 13, 2009) (citation omitted). Under this doctrine, agencies are allowed to "'pass in the first instance on technical questions of fact uniquely within the agency's expertise and experience, or in cases whose referral is necessary to secure uniformity and consistency in the regulation of business, such as issues requiring the exercise of administrative discretion.'" <u>Id.</u> (citation omitted). "No fixed formula exists for applying the doctrine of primary jurisdiction." <u>United States v. W. Pac. R.R Co.</u>, 352 U.S. 59, 64 (1956) (describing the principle for when the doctrine applies as, "in cases raising issues of fact not within the conventional

5

experience of judges or cases requiring the exercise of administrative discretion, agencies . . . should not be passed over"). The doctrine of primary jurisdiction "should be invoked sparingly." Axiom Worldwide, 2009 WL 1347398, at *5.

In this case, Barr has not demonstrated the doctrine requires a referral to the EEOC. The questions presented in this case, e.g., did discrimination occur, do not raise issues of fact outside the conventional experience of judges, nor do they require technical questions of fact to be answered. Further, a resolution of this lawsuit does not require exercise of administrative discretion, such as whether a tariff is reasonable. See Carollo v. Cement & Concrete Workers Dist. Council Pension Plan, 964 F. Supp. 677,685-86 (E.D.N.Y. 1997) (noting that doctrine is appropriately applied "when the court is faced with discretionary judgment, such as whether a tariff is 'reasonable'"). In short, Barr has not convinced the Court it should reconsider its April 15, 2016, Order.

Additionally, Barr asserts "[t]he court improperly creates law." (Doc. # 79 at 8). The Court stated in its April 15, 2016, Order, "nothing in the record indicates the right-to-sue letters in this case were issued pursuant to 29 C.F.R. § 1601.28(a)(2)." (Doc. # 75 at 7). And, as Barr himself

6

points out, "[t]he Plaintiff NEVER requested a notice of RTS be issued." (Doc. # 79 at 8) (capitalization in original). It is precisely because 29 C.F.R. § 1601.28(a)(2) is not at play here that <u>Simler v. Harrison County Hospital</u>, 110 F. Supp. 2d 886, 890 (S.D. Ind. 2000), as well as the other cases cited by Barr addressing the early issuance of right-to-sue letters under 29 C.F.R. § 1601.28(a)(2), are distinguishable. As such, Barr's assertion on this point is meritless.

In summation, Barr has not carried his burden in demonstrating why this Court should grant the extraordinary remedy sought in his Motion for Reconsideration. Therefore, the Motion for Reconsideration is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Alfred Barr's Motion for Reconsideration (Doc. # 79) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of May, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE