UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                              Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, LLC, et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court sua sponte. On April 22, 2016, the Court entered an Order on Defendants Joseph Mole and Christopher Reed's Motion to Dismiss. (Doc. # 78). In its April 22, 2016, Order the Court found that Plaintiff Alfred Barr, who is proceeding pro se and in forma pauperis, had not properly served Mole and Reed. (Id. at 10-11). The Court permitted Barr another opportunity to properly effect service of process as to Mole and Reed. (Id. at 11-12). And, upon Barr's motion, granted an extension of time for Barr to effect service of process; Barr had until May 31, 2016, to effect service of process, file proof thereof, and file a third amended complaint. (Doc. ## 81-82).

    On May 31, 2016, Barr filed his Third Amended Complaint, which does not assert any cause of action against Reed. (Doc.

1

# 93). However, Barr has not filed proof of service as to Mole, nor has Barr filed a motion for extension of time to properly effect service as to Mole.

The Court recognizes that in his Motion for Extension of Time to Respond to All Four Defendants' Discovery, filed on May 31, 2016 (the deadline for filing proof of service as to Mole), Barr included a footnote indicating Mole has not been served. (Doc. # 96 at 1 n.1). Barr further indicates that service is pending by the United States Marshal. (Id.). In this footnote, Barr also asserts the Court has not ruled on a portion of his Motion for Extension of Time (Doc. # 81). (Doc. # 96 at 1 n.1). The Court disagrees. The Motion for Extension of Time was explicit in the relief it sought—viz., "an extension to at least **May 31, 2016**, to comply with both service on defendants' [sic] Mole and Reed, and to file a third amended complaint." (Id.) (emphasis in original). The Court granted Barr's request in full. (Doc. # 82) (granting Barr until May 31, 2016, to effect service of process as to Mole and Reed, file proof thereof, and file a third amended complaint).

Because Barr is proceeding in forma pauperis, the Court will afford him one final opportunity to properly effect service of process in accordance with the Federal Rules of

2

Civil Procedure. Federal Rule of Civil Procedure 4(e) governs service of process on an individual within a judicial district of the United States and prescribes,

> [u]nless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In turn, Florida law provides,

> [s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. § 48.031(1)(a). Simply leaving process with a co-worker does not suffice. Anthony v. Gary J. Rotella & Assocs. P.A., 906 So. 2d 1205, 1206-08 (Fla. 4th DCA 2005). There are

prescribed methods of substitute service, however. "Substitute service may be made on the spouse of the person to be served at any place in the county," if the cause of action is not an adversary proceeding between the spouses, and "on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner have been made at the place of business." Fla. Stat. §§ 48.031(2)(a)-(b).

Service by publication is also allowed for under Florida law, but only where personal service of process cannot be had. Fla. Stat. §§ 49.011-49.021; Redfield Invs., A.V.V. v. Village of Pincrest, 990 So. 2d 1135, 1140 (Fla. 3d DCA 2008) (noting "constructive service by publication may not be utilized where personal service can be had"). Additionally, service by publication is limited to certain enumerated actions and a sworn statement is required as a condition precedent to service by publication. Fla. Stat. §§ 49.011, 49.031, 49.041. A plaintiff attempting to serve by publication "must strictly comply with the statutory requirements." Redfield Invs., 990 So. 2d at 1138.

The Court provides the foregoing in an effort to facilitate the timely resolution of this action. As demonstrated, there are several different avenues for effecting service of process. The Court will provide Barr an additional opportunity to effect service of process in conformity with the applicable rules, and file proof thereof. Thus, Barr has until and including June 27, 2016, to effect service of process as to Mole and file proof thereof. Failure to do so may result in dismissal of all causes of action brought against Mole.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Barr has until and including June 27, 2016, to effect service of process as to Mole and file proof thereof.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of June, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE