```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ALFRED BARR,

    Plaintiff,

v.                                    Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of pro se Plaintiff Alfred Barr's Motion for Rehearing (Doc. # 127), which, for reasons stated more fully below, the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), filed on September 26, 2016. Defendants One Touch Direct, LLC, DPG Employee Leasing, LLC, and AT&T Services, Inc. filed a response in opposition (Doc. # 130), on October 14, 2016. Defendant Joseph Mole has not filed a response in opposition. The Court denies the Motion for the reasons herein.

**I.   Background**

Barr initiated this action slightly over a year ago by filing a Complaint against One Touch Direct, Mole, Christopher Reed, AT&T, and DGP on October 9, 2015. (Doc. #

1

1). At the Case Management Hearing held on January 13, 2016, the Court granted Barr leave to file an amended complaint (Doc. # 33). Barr filed his Amended Complaint on January 19, 2016. (Doc. # 38). One Touch Direct, AT&T, and DPG then moved to dismiss the Amended Complaint, arguing it was a shotgun pleading. (Doc. # 43). Barr failed to timely respond and, as such, on February 23, 2016, the Court granted the motion as unopposed. (Doc. # 50).

Barr subsequently moved to vacate the February 23, 2016, dismissal Order (Doc. # 53), which the Court granted in part (Doc. # 56). Specifically, the Court declined to vacate its dismissal order; however, it did reopen the action and granted Barr leave to file a second amended complaint. (Id.).

A Second Amended Complaint was filed by Barr on March 18, 2016, which brought the following counts: violations of Title VII against all Defendants (Count I); Florida's Whistleblower Act against AT&T and One Touch Direct (Count II); violations of the Fair Labor Standards Act against One Touch Direct, DPG, Mole, and Reed (Count III); violations of Title I of the American with Disabilities Act against One Touch Direct, DPG, Mole, and Reed (Count IV); and interference with at-will business relationships against AT&T (Count V). (Doc. # 64). Thereafter, One Touch Direct, AT&T, and DPG moved

to dismiss (Doc. # 69), as did Mole and Reed (Doc. # 70). Barr filed responses in opposition. (Doc. ## 73-74).

After being fully briefed, the Court granted the Defendants' respective motions in part. (Doc. # 78). In particular, the Court ruled that service had not been properly effected as to Mole and Reed; that Counts I and IV of the Second Amended Complaint were dismissed insofar as they were brought against Mole and Reed because there is no individual liability under Title VII and the ADA, see Pouyeh v. UAB Dep't of Ophthalmology, 625 Fed. Appx. 495-498-99 (11th Cir. 2015) (citation omitted); Tobar v. Fed. Defs. Middle Dist. of Ga., Inc., 618 Fed. Appx. 982, 985 n.2 (11th Cir 2015) (citation omitted); and that the remainder of the Second Amended Complaint constituted a shotgun pleading. (Doc. # 78). The Court granted Barr until May 31, 2016, to effect service of process as to Mole and Reed, file proof thereof, and file a third amended complaint. (Doc. # 82).

Barr timely filed his Third Amended Complaint on May 31, 2016. (Doc. # 93). The Third Amended Complaint was brought only against One Touch Direct, Mole, AT&T, and DPG; thus, by omitting any claim against Reed, Barr abandoned those claims. The Third Amended Complaint brought the following counts: violations of Title VII against One Touch Direct and DPG

3

(Count I); Florida's Whistleblower Act against AT&T and One Touch Direct (Count II); violations of the FLSA against One Touch Direct and DPG (Count III); FLSA unpaid minimum wages against One Touch Direct and DPG (Count IV); violations of Title I of the ADA against One Touch Direct and DPG (Count V); violations of the Age Discrimination in Employment Act against One Touch Direct, DPG, and Mole (Count VI); and interference with at-will business relationships against AT&T (Count VII). (Id.).

Discovery had been proceeding concomitantly with the foregoing motion practice. As stated earlier, the Court had granted Barr until May 31, 2016, to effect service of process as to Mole and Reed. (Doc. # 82). While Barr filed a Third Amended Complaint that no longer brought claims against Reed, the Third Amended Complaint did seek relief against Mole. However, Barr failed to file proof of service by the Court-imposed deadline of May 31, 2016. Rather, in a footnote contained in a motion for extension of time related to discovery, Barr indicated that service had not been effected as to Mole. (Doc. # 96 at 1 n.1). The Court then, sua sponte, granted Barr another extension of time to effect service as to Mole, this time until June 27, 2016. (Doc. # 100).

On June 17, 2016, the Honorable Mark A. Pizzo, United States Magistrate Judge, who is the assigned Magistrate to this action, held a hearing on several then-pending discovery-related motions. (Doc. # 110). After that hearing, Barr filed a notice of appeal (Doc. # 111), before Judge Pizzo entered his written Order denying the motions discussed at that day's hearing (Doc. # 112). Barr's notice of appeal indicated that he sought appellate review of "several orders, with the first material order having been issued on May 18, 2016, and the last issued June 17, 2016." (Doc. # 111 at 1).

After filing his notice of appeal, Barr filed a motion seeking to disqualify Judge Pizzo, which the Court referred to Judge Pizzo (Doc. # 114), a motion for leave to appeal in forma pauperis (Doc. # 115), and a motion to vacate Judge Pizzo's June 17, 2016, Order (Doc. # 116). Noting that the filing of a notice of appeal is an event of jurisdictional significance, the Court deferred ruling on the motion to vacate, and the then-pending two motions to dismiss. (Doc. # 117). Thereafter, on August 12, 2016, the Eleventh Circuit requested that the Court forward the Order on Barr's motion for leave to appeal in forma pauperis.

Three days later, Judge Pizzo entered a Report and Recommendation on Barr's motion for leave to appeal in forma

5

pauperis, which recommended that Barr's motion be denied. (Doc. # 121). And, on August 17, 2016, Judge Pizzo entered an Order denying Barr's motion to disqualify. (Doc. # 122). In between the entry of Judge Pizzo's Report and Recommendation and September 2, 2016, the date on which the Court accepted the Report and Recommendation, Barr made no filings. Indeed, the Court's Order accepting Judge Pizzo's Report and Recommendation indicates that Barr had filed no objections thereto. (Doc. # 126 at 1). The Court accepted Judge Pizzo's Report and Recommendation in full and denied Barr's motion for leave to appeal in forma pauperis. (Id.). Barr now moves for a hearing on the Court's September 2, 2016, Order that accepted Judge Pizzo's Report and Recommendation, which the Court construes as a motion for reconsideration. (Doc. # 127).

**II.  Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Motions for reconsideration filed within 28 days of the Court's judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28-day period are governed by Rule 60(b). Here, Barr's Motion was filed within 28 days of

6

the Court's September 2, 2016, Order. Accordingly, the Court applies Rule 59(e) in ruling on the Motion.

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). "[R]econsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). So, "a motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

"The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks and alterations omitted). "[A] district court does not abuse its discretion when denying a Rule 59(e) motion made merely 'to relitigate old matters' or 'raise argument[s] or present evidence that could have been raised prior to the entry of judgment.'" Id.; see also Michael Linet, Inc. v. Village of Wellington, Fla.,

7

408 F.3d 757, 763 (11th Cir. 2005) (stating, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment)."

### III. Analysis

To begin, Barr's Motion fails to comply with Middle District of Florida Local Rule 3.01(a), which states:

> [i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis of the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

Barr's Motion is, when the supplemental memorandum is accounted for, well beyond the 25-page limitation of Local Rule 3.01(a). Accordingly, the Motion is denied for failure to comply with the Local Rules. Further, even if the Court considered the Motion and the supplemental memorandum as distinct filings, the Motion would nevertheless fail to comply with the Local Rules (this time, 3.01(g)) and the supplemental memorandum would fail to comply with 3.01(a), as it is longer than 25 pages. Thus, regardless of how the Court views it, the Motion and supplemental memorandum do not comply with the aforesaid Local Rules. As previously stated by this Court in this action, "[a] pro se litigant 'is subject to the

8

relevant law and rules of court . . . ." (Doc. # 56 at 2) (quoting Johnson v. Rosier, 578 Fed. Appx. 928, 930 (11th Cir. 2014)).

In addition, even if the Court looked past the violations of the Local Rules, Barr's Motion is still due to be denied on the merits. First, the Motion rehashes arguments Barr has put forth previously and which the Court has addressed. And, thus, the Motion is due to be denied. See Michael Linet, 408 F.3d at 763.

Second, Barr had an opportunity to file objections to Judge Pizzo's August 15, 2016, Report and Recommendation. However, Barr elected not to file any objections to the Report and Recommendation, even though he was warned that failure to do so would bar him from attacking the factual findings of the Report and Recommendation (Doc. # 121 at 2).

Third, Barr's argument that Judge Pizzo should not have ruled on Barr's motion for leave to appeal in forma pauerpis while a motion seeking to have Judge Pizzo disqualified was pending is meritless. At the time Judge Pizzo entered his Report and Recommendation on the motion for leave to appeal in forma pauerpis, Judge Pizzo was the assigned Magistrate Judge. Moreover, the Report and Recommendation did not

finally resolve the motion; rather, it was subject to independent review by this Court.

Fourth, and finally, Barr's argument that this Court has selectively ruled on motions filed after his notice of appeal is simply without merit. While the filing of a notice of appeal does, generally speaking, divest the lower court of jurisdiction, the rule is not absolute and a district court may still exercise jurisdiction over aspects of the case that are not involved in the appeal. Cf. Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir 2003) (stating, "[t]he filing of an appeal . . . divests the district court of its control over those aspects of the case involved in the appeal"); see also Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir. 1990) (listing three exceptions to the general rule regarding a district court's divestment of jurisdiction). In this case, the Eleventh Circuit requested the Order disposing of Barr's motion for leave to appeal in forma pauperis and ruling on the motion seeking to disqualify Judge Pizzo did not fit into the category of "those aspects of the case involved in the appeal." In contrast, the motion to vacate Judge Pizzo's discovery-related Order entered on June 17, 2016, (Doc. # 116), and Defendants' respective

motions to dismiss (Doc. ## 106, 107), are involved in the appeal—a fact most notably evinced by Barr's notice of appeal, which itself states Barr seeks appellate review over Judge Pizzo's June 17, 2016, Order and several other Orders of this Court (Doc. # 111). Therefore, this Court is, indeed, without jurisdiction to rule on those motions during the pendency of the appeal.

The Court also takes this opportunity to address Barr's request for alternative relief. Barr requests that the Court permit him to retain counsel. However, Barr need not seek leave of Court to retain counsel. All Barr needs to do, if he wishes to no longer proceed pro se, is have qualified counsel file a notice of appearance. The Court refers Barr to Chapter 2 of the Middle District of Florida Local Rules, should he be unfamiliar with the requirements attorneys must meet in order to appear before this Court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Alfred Barr's Motion for Rehearing (Doc. # 127), which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE