UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                          Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, LLC, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to pro se Plaintiff Alfred Barr's "Request for District Judge to Review Order's [sic] Issued by Magistrate Judge" (Doc. # 116), which the Court construes as a Rule 72(a) objection to the June 17, 2016, Order entered by the Honorable Mark A. Pizzo, United States Magistrate Judge, (Doc. # 112), filed on June 26, 2016. Prior to filing the instant Motion, Barr appealed a litany of interlocutory orders. (Doc. # 111). The Court deferred ruling on the instant Motion during the pendency of that appeal. (Doc. # 117). Barr also appealed, among other orders, Judge Pizzo's June 17, 2016, Order. (Doc. # 132).

The Eleventh Circuit sua sponte dismissed Barr's first-filed appeal on November 16, 2016, and sua sponte dismissed Barr's second-filed appeal on February 3, 2017. (Doc. ## 136,

140). After jurisdiction reinvested with this Court, Defendants AT&T Services, Inc., DPG Employee Leasing, LLC, and One Touch Direct, LLC were directed to file a response to Barr's instant Motion by February 20, 2017. (Doc. # 142). AT&T, DPG, and One Touch Direct timely filed their respective responses in opposition. (Doc. ## 153, 154, 155). The Motion is ripe for review and, for the reasons below, the Motion is denied.

I. **Background**

Only a brief history of this action is recounted for purposes of ruling on the instant Motion. Barr filed his Third Amended Complaint on May 31, 2016. (Doc. # 93). The Third Amended Complaint asserts claims under Title VII against One Touch Direct and DPG (Count I); Florida's Whistleblower Act, Fla. Stat. § 448.101, et seq., against AT&T and One Touch Direct (Count II); the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., against One Touch Direct and DPG (Counts III and IV); the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., against One Touch Direct and DPG (Count V); the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., against One Touch Direct, DPG, and Defendant Joseph Mole (Count VI); and a claim for interference with at-will business relationships against AT&T (Count VII). On June 13,

2016, AT&T, DPG, and One Touch Direct moved to dismiss the Third Amended Complaint (Doc. # 106), as did Mole (Doc. # 107).

Before the Defendants filed their motions to dismiss the Third Amended Complaint, Barr filed three motions to compel and a motion to quash. (Doc. ## 87, 91, 92, 95). Judge Pizzo held a hearing on those four motions on June 17, 2016, and denied all four. (Doc. ## 110, 112). Barr now seeks review of Judge Pizzo's discovery-related order.

## II. Standard

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 further addresses pretrial matters referred to magistrate judges. Because Judge Pizzo's June 17, 2016, Order related to discovery and did not dispose of any claim or defense, see Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1346 (M.D. Fla. 2013) (noting order that did not dispose of any claim or defense was nondispositive order (citing Smith v. Sch. Bd. of Orange Cty., 487 F.3d 1361, 1365 (11th Cir. 2007))), Rule 72(a) governs.

Rule 72(a) provides:

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Thus, as evidenced by the plain language of the Rule, "[a] district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" Williams v. Wright, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) (citation omitted).

"Clear error is a highly deferential standard of review. . . . [A] 'finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005) (citation omitted). And, an order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Malibu Media, 923 F. Supp. 2d at 1347 (citation

4

and internal quotation marks omitted). Despite Barr's request for de novo review, the standards set forth above apply. See Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc., 153 F.R.D. 686, 687 (M.D. Fla. 1994).

## III. Analysis

The Court finds no occasion to disturb Judge Pizzo's June 17, 2016, Order. Insofar as Barr's Motion is premised on his argument that Judge Pizzo's June 17, 2016, Order should be set aside because of a reliance upon extrajudicial research, the Court notes that the Order makes no reference to any such extrajudicial material. (Doc. # 112). Moreover, it is worth noting that Barr has previously filed a motion seeking to have Judge Pizzo recused from this action on the same grounds (Doc. # 114), which was denied (Doc. # 122). A Rule 72(a) objection is not the proper vehicle for reasserting a recusal argument.

Second, Judge Pizzo's June 17, 2016, Order was not contrary to the law. One of Barr's claims is that One Touch Direct and DPG violated the ADA. (Doc. # 93). Although Barr sought to quash the subpoena served upon one of his medical providers on the basis of Florida's physician-client privilege, federal common law recognizes no such privilege. Whalen v. Roe, 429 U.S. 589, 602 n.28 (1977) ("The physician-

5

patient evidentiary privilege is unknown to the common law.").

Furthermore, while "state law governs privilege regarding a claim or defense" that is only when "state law supplies the rule of decision." Fed. R. Evid. 501. Because the ADA is a federal statute and provides the rule of decision with respect to the ADA claim, federal common law applies. And this remains so even though state law supplies the rule of decision for two claims also asserted by Barr. For example, in Hancock v. Hobbs, 967 F.2d 462, 466 (11th Cir. 1992), the court stated: "[c]ourts that have confronted this issue in the context of the discoverability of evidence have uniformly held that the federal law of privilege governs even where the evidence sought might be relevant to a pendent state claim." It therefore follows that federal common law applies, at least with respect to the ADA claim and Barr's motion to quash.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Alfred Barr's "Request for District Judge to Review Order's [sic] Issued by Magistrate Judge" (Doc. # 116), which the Court construes as a Rule 72(a) objection to the June 17, 2016, Order entered by Judge Pizzo (Doc. # 112), is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of February, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE