UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                            Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, LLC, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte in an effort to maintain clarity in the record.

The current action was instituted by pro se Plaintiff Alfred Barr on October 9, 2015. (Doc. # 1). The original complaint named five defendants: "One Touch Direct, LLC, et al., Joseph Mole, and Christopher Reed, AT&T, and DPG Leasing." (Id. at 1). After the Court held its case management hearing, during which Barr was granted leave to file an amended complaint, Barr filed his first amended complaint on January 19, 2016. (Doc. # 38). The first amended complaint named "One Touch Direct, LLC, Joseph Mole, and Christopher Reed, AT&T Services Inc., and DPG Employee Leasing LLC" as defendants. (Id. at 1). The Defendants moved to dismiss the first amended complaint and Barr failed to timely respond.

(Doc. ## 43, 50). As such, the Court granted the motion to dismiss as unopposed and closed the case. (Doc. # 50). However, Barr moved to reopen the action (Doc. # 53) and, in the interests of fairness and recognizing that cases are preferably tried upon the merits, the Court reopened the action. (Doc. # 56). In addition, the Court granted Barr leave to file a second amended complaint (Id.).

Barr filed his second amended complaint on March 18, 2016. (Doc. # 64). The second amended complaint named "One Touch Direct, LLC, Joseph Mole, Christopher Reed, AT&T Services Inc., and DPG Employee Leasing LLC" as defendants. (Id. at 1). Another round of briefing then ensued during which the Defendants sought dismissal of the second amended complaint, or particular counts thereof, on various grounds. (Doc. ## 69, 70, 74, 76). One of the arguments asserted by the two individual Defendants—Mole and Reed—was that the second amended complaint should be dismissed as against them under Rule 12(b)(5) for insufficient service of process. (Doc. # 70 at 2-4). The Court provided an in-depth discussion regarding service in its Order dismissing the second amended complaint. (Doc. # 78 at 7-12). Moreover, Barr's suit against Mole and Reed was not dismissed with prejudice at that stage due to failure to comply with Rule 4; rather, Barr was granted

an extension of time to effect service upon Mole and Reed. (Id. at 12; Doc. # 82).

On May 31, 2016, Barr filed his third amended complaint. (Doc. # 93). The third amended complaint named only four defendants: "One Touch Direct, LLC, Joseph Mole, AT&T Services Inc., and DPG Employee Leasing LLC." (Id. at 1). When Barr failed to comply with the Court's deadline for effecting service and filing proof of service, the Court—instead of summarily dismissing Barr's action for failure to comply with Rule 4 and the Court's deadline—granted Barr a second extension of time to serve the sole remaining individual Defendant, Mole. (Doc. # 100). The Court also provided another in-depth description on the requirements of Rule 4 in an effort to explicate what Rule 4 required of Barr. (Id.).

Two interlocutory appeals were then taken by Barr from a litany of Court Orders. (Doc. ## 111, 132). Both appeals were dismissed sua sponte by the Eleventh Circuit for lack of jurisdiction. (Doc. ## 136, 140). Before Barr filed the aforesaid interlocutory appeals, the Defendants had again filed motions to dismiss the complaint. (Doc. ## 106, 107). Because the filing of a notice of appeal is an event of jurisdictional significance, Green Leaf Nursery v. E.I.

3

DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003) (internal citations omitted), the Court deferred ruling on the motions to dismiss the third amended complaint. (Doc. # 117). Once jurisdiction reinvested with this Court following the dismissal of Barr's appeals by the Eleventh Circuit, Barr was instructed to respond to the pending motions to dismiss by February 20, 2017. (Doc. # 142). Upon his motion, Barr was granted an extension of time to respond to the motions to dismiss; the new deadline was set as March 2, 2017. (Doc. # 156).

Rather than actually responding to the motions to dismiss, Barr filed what was in effect a motion for leave to file a fourth amended complaint. (Doc. # 165). Attached to the construed motion for leave to file a fourth amended complaint was Barr's proposed fourth amended complaint. (Doc. # 165-1). The proposed fourth amended complaint named only "One Touch Direct, LLC, a Florida Limited Liability Company ("OTD"), DPG Employee Leasing, LLC, a foreign limited liability company ("DPG"), and AT&T Services, Inc., a foreign corporation ("AT&T")" as defendants. (Id. at 1). Furthermore, the proposed fourth amended complaint did not once mention Mole or Reed. (Id.). In spite of the Defendants' objection to Barr's request for leave to file a fourth amended complaint,

4

the Court granted Barr leave to do so. (Doc. # 166). Barr was instructed to file the proposed fourth amended complaint as his fourth amended complaint by March 6, 2017, and, in light of the allowance for a fourth amended complaint, the Court denied the Defendants' motions to dismiss as moot. (Id.).

Rather than filing the fourth amended complaint he himself proposed, Barr filed his "Response to Defendant Joseph Mole's Dispositive Motion to Dismiss Third Amended Complaint" (Doc. # 167). Intermingled with his arguments as to service of process, Barr requests two forms of relief: hold that he complied with Rule 4 and order Mole to show cause "why the record does not illustrate substitute service effected." (Id. at 5, 15). A response to a motion, though, is not the proper method for requesting relief from the Court. M.D. Fla. L.R. 3.01(a). As such, to the extent the response seeks relief, it is denied for failure to comply with Local Rule 3.01(a).

In addition, the Court is left befuddled by Barr's filing. Indeed, given that the Court granted Barr leave to file a fourth amended complaint, which notably does not name Mole as a defendant, along with the Court's denial of the Defendants' motions to dismiss as moot, the issue of service of process as to Mole is of no consequence. Yet, after

5

receiving the relief he requested—i.e., leave to file a fourth amended complaint that did not name Mole as a defendant—Barr filed a response to an already denied motion.

As demonstrated above and throughout the record, the Court has been more than flexible with Barr, giving him chance after chance to file a complaint that complies with the Federal Rules of Civil Procedure. But, at some point, enough is enough. This action has reached that point. Thus, Barr is cautioned that the fourth amended complaint will be his final opportunity to state a claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) To the extent Barr's "Response to Defendant Joseph Mole's Dispositive Motion to Dismiss Third Amended Complaint" (Doc. # 167) requests relief, it is denied for failure to comply with Local Rule 3.01(a).

(2) Barr shall file his proposed fourth amended complaint by March 6, 2017, as previously ordered (Doc. # 166).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE