UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                        Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of pro se Plaintiff Alfred Barr's "Request for Reconsideration Requesting Review of Magistrate Judge's Orders Doc 144 and 149" (Doc. # 161), filed on February 27, 2017. For the reasons below, the Court denies the Motion.

**I.**   **Background**

Two interlocutory appeals were taken by Barr from a host of orders. (Doc. ## 111, 132). After the first appeal was dismissed by the Eleventh Circuit Court of Appeals for lack of jurisdiction (Doc. # 136), Shaina Thorpe filed a notice of appearance on behalf of Barr (Doc. # 137). About two months later, the Eleventh Circuit dismissed Barr's second appeal. (Doc. # 140).

The day after the dismissal of the second appeal was docketed with this Court, Thorpe filed a motion to withdraw as counsel. (Doc. # 141). Thorpe's motion indicated that "[i]n her professional judgment . . . [she] does not believe that she can pursue Plaintiff's case in a manner that would be satisfactory to the Plaintiff" due to "significant differences in opinion as to how the case should proceed." (Id. at 1-2). The motion further stated that Thorpe believed her continued representation of Barr "would not be consistent with her duty as an officer of the Court to maintain the highest level of ethics." (Id. at 3). Thorpe also certified "that, pursuant to Middle District of Florida Local Rule 2.03, she . . . provided both the Plaintiff and opposing counsel with her notice of intent to withdraw as counsel of record more than ten days prior to the filing of this Motion." (Id. at ¶ 6).

The assigned Magistrate Judge, the Honorable Mark A. Pizzo, granted Thorpe's motion to withdraw on February 6, 2017. (Doc. # 144).[1] After Judge Pizzo granted Thorpe's motion to withdraw, Barr filed a motion requesting a hearing on the

---

[1] The Magistrate Judges of this Court have the authority to, among other things, "supervis[e] and determin[e] . . . all pretrial proceedings and motions made in civil cases . . . ." M.D. Fla. L.R. 6.01(c)(18).

motion to withdraw, which contained objections to Thorpe's request to withdraw. (Doc. # 145). Barr's motion was referred to Judge Pizzo per the Court's standard practice. (Doc. # 147). By Order dated February 9, 2017, Judge Pizzo denied Barr's motion for hearing. (Doc. # 149). In that Order, Judge Pizzo explained his reasons for denying Barr's motion and why he originally granted Thorpe's motion to withdraw. (Id.).

On February 23, 2017, Barr filed an objection to Judge Pizzo's February 9, 2017, Order. (Doc. ## 157, 158). The objection, however, violated Local Rule 3.01(a) because it was comprised of more than a single filing and exceeded twenty-five pages in length. (Doc. ## 157, 158, 159). Thus, to the extent the filings could have been construed as a motion under Rule 72(a), they were denied. (Doc. # 159).

Three days thereafter, on February 27, 2017, Barr filed the pending Motion, seeking reconsideration of the Court's Order denying his construed Rule 72(a) motion. (Doc. # 161). By his instant Motion, Barr seeks to have the Court reconsider its prior Order and, in effect, reargues the points made in his filings that violated Local Rule 3.01(a). (Id.).

II. **Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Beach Terrace Condo. Ass'n, Inc.

3

v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Motions for reconsideration filed within 28 days of the Court's judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28-day period are governed by Rule 60(b). Here, Barr's Motion was filed within 28 days of the Court's February 24, 2017, Order. Accordingly, the Court applies Rule 59(e) in ruling on the Motion.

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). "[R]econsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). So, "a motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

"The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335,

4

1343 (11th Cir. 2007)) (quotation marks and alterations omitted). "[A] district court does not abuse its discretion when denying a Rule 59(e) motion made merely 'to relitigate old matters' or 'raise argument[s] or present evidence that could have been raised prior to the entry of judgment.'" Id.; see also Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (stating, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment)."

## III. Analysis

To the extent Barr requests that this Court reconsider its Order denying his construed Rule 72(a) motion for failure to comply with Local Rule 3.01(a), the Motion is denied. As the Court has previously noted, pro se litigants "must comply with all Local Rules and the Federal Rules of Civil Procedure." (Doc. # 56 at 2-3) (quoting Johnson v. Rosier, 578 Fed. Appx. 928, 930 (11th Cir. 2014) ("[a] pro se litigant 'is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure'")). It also bears mentioning that the Court previously denied one of Barr's motions for the same violation of Local Rule 3.01(a). (Doc. # 131 at 8-9).

5

Furthermore, Barr's reliance on Judge Pizzo's April 29, 2016, Order (Doc. # 85) is misplaced. The April 29, 2016, Order addressed a motion to compel that had been filed by Barr (Doc. # 67). Shortly after the motion to compel was filed, Defendants filed a motion for extension of time that sought to have the deadline to respond to Barr's discovery requests extended retroactively by one day. (Doc. # 72). Defendants also filed a response to the motion to compel. (Doc. # 77). Because the Defendants' response incorporated its earlier-filed motion for extension of time (Id. at 5), Barr moved to strike the response under Local Rule 3.01(c) (Doc. # 80). While noting the violation of Local Rule 3.01(c), Judge Pizzo declined to strike the response because, when construed together, the response and motion did not exceed the applicable page limitation. (Doc. # 85 at 2).

The situation that Judge Pizzo dealt with is thus readily distinguishable from the instant situation with which the Court is faced. Most obviously, Judge Pizzo dealt with Local Rules 3.01(b) and (c), whereas the Court was faced with a question of whether Local Rule 3.01(a) was satisfied when it denied Barr's construed Rule 72(a) motion. And insofar as Local Rule 3.01(a) and Local Rules 3.01(b)-(c) are two sides of the same coin, there is still a paramount distinction:

6

Defendants' motion and response did not exceed the page limits but Barr's multiple filings *did* exceed the page limits by a large margin.

The Court has previously enforced Local Rule 3.01(a) because of Barr's propensity for submitting lengthy filings. Barr was therefore on notice that his motions must comply with Local Rule 3.01(a). Moreover, Barr's implicit argument that the Court has inequitably applied, interpreted, or enforced the Local Rules is without merit. The Court therefore finds no occasion to reconsider its Order denying Barr's construed Rule 72(a) motion.

Additionally, even if the Court were to consider Barr's arguments pertaining to Judge Pizzo's February 9, 2017, Order denying the motion for hearing, the Court finds no occasion to vacate the Order. In her motion, Thorpe stated she notified Barr and opposing counsel of her intent to withdraw, and gave her reasons for seeking withdrawal. (Doc. # 141). The emails and other exhibits Barr has attached to his various motions (Doc. ## 145, 157, 161) related to Thorpe's withdrawal do not convince the Court, much less show, that Judge Pizzo's Order granting Thorpe permission to withdraw warrants vacatur.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Alfred Barr's "Request for Reconsideration Requesting Review of Magistrate Judge's Orders Doc 144 and 149" (Doc. # 161) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE