UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                                    Case No. 8:15-cv-2391-T-33MAP

ONE TOUCH DIRECT, LLC, et al.,

    Defendants.
_____/

### **ORDER**

This matter comes before the Court upon consideration of Defendants One Touch Direct, LLC, AT&T Services, Inc., and DPG Employee Leasing LLC's Motion to Dismiss Plaintiff's Claims against Defendants with Prejudice (Doc. # 172), filed on March 9, 2017. Pro se Plaintiff Alfred Barr's response was due on March 23, 2017. However, as of this Order, Barr failed to respond.

In addition, the Court previously ordered Barr to file a supplement explaining an apparent discrepancy in the record. (Doc. # 181). That supplement was due on March 27, 2017. (Id. at 6). As of this Order, Barr failed to file the supplement. For the reasons below, this action is dismissed.

I.   **Protraction: A Background to this Case**

Barr instituted this action on October 9, 2015. (Doc. # 1). The original complaint named five defendants: "One Touch Direct, LLC, et al., Joseph Mole, and Christopher Reed, AT&T, and DPG Leasing." (Id. at 1). After the Court held its case management hearing, during which Barr was granted leave to amend, Barr filed his first amended complaint on January 19, 2016. (Doc. # 38). The first amended complaint named "One Touch Direct, LLC, Joseph Mole, and Christopher Reed, AT&T Services Inc., and DPG Employee Leasing LLC" as defendants. (Id. at 1).

The Defendants moved to dismiss the first amended complaint and Barr failed to timely respond. (Doc. ## 43, 50). As such, the Court granted the motion to dismiss as unopposed and closed the case. (Doc. # 50). However, Barr moved to reopen the action (Doc. # 53) and, in the interests of fairness and recognizing that cases are preferably tried upon the merits, the Court reopened the action. (Doc. # 56). The Court specifically stated in that Order:

> the Court reminds Barr yet again that he must comply with all Local Rules and the Federal Rules of Civil Procedure. Johnson v. Rosier, 578 Fed. Appx. 928, 930 (11th Cir. 2014) (stating, "[a] pro se litigant 'is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure'" (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th

2

>Cir. 1989))). The Court takes deadlines seriously and it is Barr's responsibility to ensure that he complies with such deadlines or seeks relief by filing an appropriate motion.

(Id. at 2-3). In addition, the Court granted Barr leave to file a second amended complaint (Id. at 3).

Barr filed his second amended complaint on March 18, 2016. (Doc. # 64). The second amended complaint named "One Touch Direct, LLC, Joseph Mole, Christopher Reed, AT&T Services Inc., and DPG Employee Leasing LLC" as defendants. (Id. at 1).

Another round of briefing ensued during which the Defendants sought dismissal of the second amended complaint, or particular counts thereof, on various grounds. (Doc. ## 69, 70, 74, 76). One of the arguments asserted by Mole and Reed was that the second amended complaint should be dismissed as against them under Rule 12(b)(5) for insufficient service of process. (Doc. # 70 at 2-4). The Court provided an in-depth discussion regarding service in its Order dismissing the second amended complaint. (Doc. # 78 at 7-12). Moreover, Barr's suit against Mole and Reed was not dismissed with prejudice at that stage due to failure to comply with Rule 4; rather, Barr was granted an extension of time to effect service upon Mole and Reed. (Id. at 12; Doc. # 82).

On May 31, 2016, Barr filed his third amended complaint. (Doc. # 93). The third amended complaint named only four defendants: "One Touch Direct, LLC, Joseph Mole, AT&T Services Inc., and DPG Employee Leasing LLC." (Id. at 1). When Barr failed to comply with the Court's deadline for effecting service and filing proof of service, the Court—instead of summarily dismissing Barr's action for failure to comply with Rule 4 and the Court's deadline—granted Barr a second extension of time to serve the sole remaining individual Defendant, Mole. (Doc. # 100). The Court also provided another in-depth discussion on the requirements of Rule 4 in an effort to explicate what was required of Barr. (Id.).

Two interlocutory appeals were then taken by Barr from a litany of Court Orders. (Doc. ## 111, 132). Both appeals were dismissed sua sponte by the Eleventh Circuit for lack of jurisdiction. (Doc. ## 136, 140). Before Barr filed those interlocutory appeals, the Defendants had moved to dismiss the third amended complaint. (Doc. ## 106, 107). Because the filing of a notice of appeal is an event of jurisdictional significance, Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003) (internal citations omitted), the Court deferred ruling on the motions to dismiss.

4

(Doc. # 117). Once jurisdiction reinvested with this Court, Barr was instructed to respond to the pending motions to dismiss by February 20, 2017, which was extended to March 2, 2017. (Doc. ## 142, 156).

Rather than actually responding to the motions to dismiss, Barr filed what was in effect a motion for leave to file a fourth amended complaint. (Doc. # 165). Attached to the construed motion for leave to file a fourth amended complaint was Barr's proposed fourth amended complaint. (Doc. # 165-1). The proposed fourth amended complaint named only "One Touch Direct, LLC, a Florida Limited Liability Company ('OTD'), DPG Employee Leasing, LLC, a foreign limited liability company ('DPG'), and AT&T Services, Inc., a foreign corporation ('AT&T')" as defendants. (Id. at 1). The proposed fourth amended complaint did not once mention Mole or Reed. (Id.). Although the Defendants' objected to Barr's request, the Court granted Barr leave to amend. (Doc. # 166). Barr was instructed to file the proposed fourth amended complaint as his operative complaint by March 6, 2017, and, in light of the allowance for a fourth amended complaint, the Court denied the Defendants' motions to dismiss as moot. (Id.).

After the Court directed Barr to file the proposed fourth amended complaint by March 6, 2017, he filed a response to a

5

motion, even though the motion had already been denied as moot. (Doc. # 167). The next day, on March 3, 2017, the Court again directed Barr to file his proposed fourth amended complaint by March 6, 2017. (Doc. # 168). Barr, however, failed to comply with the Court's directive.

On March 9, 2017, three days after the deadline for filing the fourth amended complaint passed, Barr filed a motion seeking a retroactive extension of time, as well as his belated fourth amended complaint. (Doc. ## 170, 171). That same day, Defendants filed the instant Motion seeking to have this action involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Doc. # 172).

Barr explained his failure to comply with the Court-ordered deadline with the following statement:

> For some unknown reason, the court's CM ECF system failed to complete service to the Plaintiff with Documents #163 thru #168. Therefore, the Plaintiff has not received any notice of court activity for the documents listed. Upon filing a new document, the plaintiff this morning, for the first time, became aware of court activity.
> As a result, the Plaintiff contacted the clerk, Ariel Guzman this morning, 03-09-17, and attempted to research the problem and hopefully has now corrected these failures of service. Mr. Guzman re-served the Plaintiff with links to retrieve documents #163, thru #168. The Plaintiff as of today, retrieved those documents, any only due to these notices became aware of deadlines issued under Doc #166 and 167.

(Doc. # 170 at 1). On that basis, Barr requested "the court grant retroactively an extension of time to file the Fourth Amended Complaint." (Id. at 2).

For the reasons stated in its March 21, 2017, Order, which granted Barr's request for a retroactive extension of time, the Court directed Barr to file a supplement by March 27, 2017, that provided more explanation as to the differences between his Local Rule 3.01(g) certificate and the emails submitted by defense counsel. (Doc. # 181 at 4-6). The Court also warned Barr that he was under a continuing obligation to regularly monitor the docket. (Id. at 4) (quoting Yeschick v. Mineta, 675 F.3d 622, 629-30 (6th Cir. 2012)). Ultimately, because the issue was one of compliance rather than notice, and although Barr had failed to comply with another deadline, the Court granted Barr's request for a retroactive extension of time. (Id. at 3-4, 6).

But, Barr again failed to meet a deadline. Defendants' Motion under Rule 41(b) was filed on March 9, 2017. (Doc. # 172). "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response . . . ." M.D. Fla. L.R. 3.01(b). Thus, if Barr wished to oppose the Motion, his response was due by

March 23, 2017. A review of the docket indicates that Barr has not responded to the Motion as of this Order.

Barr also failed to comply with the Court's March 21, 2017, Order, which directed Barr to file a supplement explaining why his Local Rule 3.01(g) certificate seemed to be in conflict with the emails submitted by defense counsel. (Doc. # 181 at 6). The supplement was due March 27, 2017. (Id.). As of this Order though, Barr has not filed the supplement and has, therefore, failed to comply with a Court order.

## II. Standard

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted); see also Taylor v. Nelson, 356 Fed. Appx. 318, 319 (11th Cir. 2009) (citing Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). Furthermore, the Court has explicit authority under the Federal Rules of Civil Procedure "to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (citing Fed. R. Civ. P.

41(b)). "'A district court [also] has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'" World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) (citation omitted).

> Rule 41 provides:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

"'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" Equity Lifestyle Props., 556 F.3d at 1240 (citation omitted). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton, 178 F.3d at 1374; cf. Betty K Agencies, 432 F.3d at 1337-38 ("a dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of

9

delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'")).

"[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Betty K Agencies, 432 F.3d at 1338. "'Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." Birdette v. Saxon Mortg., 502 Fed. Appx. 839, 840 (11th Cir. 2012) (quoting Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)). But, "'dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Id. at 841(quoting Moon, 863 F.2d at 837).

### III. Analysis

In full cognizance of the gravity of the dismissal effected by this Order, the Court has carefully reviewed the record. And that review leads the Court to determine that the criteria for dismissal under Rule 41(b) have been met.

With respect to the requirement that "a party engage in a clear pattern of delay or willful contempt (contumacious conduct)," Betty K Agencies, 432 F.3d at 1338, the record is

replete with instances of Barr delaying the proceedings or willfully ignoring a Court order. Those instances include:

1. Denial of a motion filed by Barr because it violated Local Rule 3.01(a), in which the Court stated,

   > Although Plaintiff is proceeding pro se, he must still comply with the Federal Rules of Civil Procedure and the Local Rules. [Johnson, 578 Fed. Appx. at 930] (stating, "[a] pro se litigant 'is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure'" (quoting [Moon, 863 F.2d at 837]). . . . Plaintiff may refile his Motion, but is cautioned that he must comply with all Local Rules, as well as the Federal Rules of Civil Procedure.

   (Doc. # 46);

2. Dismissal of this action because Barr failed to timely respond to a motion to dismiss. (Doc. # 50);

3. Denial of a motion filed by Barr because it violated Local Rule 3.01(g). (Doc. # 52);

4. Order reinstating this action and stating,

   > the Court reminds Barr yet again that he must comply with all Local Rules and the Federal Rules of Civil Procedure. [Johnson, 578 Fed. Appx. at 930] (stating, "[a] pro se litigant 'is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure'" (quoting [Moon, 863 F.2d at 837]). The Court takes deadlines seriously and it is Barr's responsibility to ensure that he complies with such deadlines or seeks relief by filing an appropriate motion.

   (Doc. # 56 at 2-3).

5. Failure to file proof of service as directed by Court order, resulting in sua sponte extension of time to effect service. (Doc. ## 82, 100);

6. Filing of two frivolous interlocutory appeals. (Doc. ## 111, 132);

7. Denial of a motion filed by Barr because it violated Local Rule 3.01(a). (Doc. # 131 at 8-9);

8. Denial of a motion filed by Barr because it violated Local Rule 3.01(a). (Doc. # 159);

9. Entry of order reiterating that Barr must comply with Local Rules and Federal Rules of Civil Procedure. (Doc. # 178 at 5);

10. Failure to comply with Court order setting deadline for filing fourth amended complaint, requiring the Court to warn Barr "that he has a continuing obligation to regularly monitor the docket." (Doc. # 181 at 4) (quoting Yeschick, 675 F.3d at 629-30);

11. Even after the Court explained the consequences of failing to respond to a motion and repeatedly reminded Barr that he must comply with the Local Rules and the Federal Rules of Civil Procedure, Barr failed to respond to the instant Motion; and

    12. Failure to comply with the Court's March 21, 2017, Order (Doc. # 181), which directed Barr to file a supplement by March 27, 2017.

The record also shows that Barr has caused substantial delay—indeed, this action is now in its eighteenth month—by, among other methods, repeatedly filing motions for clarification and reconsideration. See, (Doc. ## 62, 79, 161, 169, 187). Barr's most recent motion for clarification was simply frivolous and bordered on the realm of vexatiously multiplying the proceedings.

Further, at the risk of redundancy, because Barr is proceeding pro se, he has no counsel. Thus, it is Barr who is culpable for the actions listed above. See Betty K Agencies, 432 F.3d at 1338 (stating, dismissal is "more appropriate in a case where a party, as distinct from counsel, is culpable").

The Court finds it appropriate to reiterate: "[a]s demonstrated above and throughout the record, the Court has been more than flexible with Barr, giving him chance after chance to file a complaint that complies with the Federal Rules of Civil Procedure. But, at some point, enough is enough. This action has reached that point." (Doc. # 168 at 6). In spite of that warning, Barr failed to timely file his fourth amended complaint as directed by the Court, failed to

respond to the instant Motion seeking dismissal under Rule 41(b), and failed to comply with a Court order. For these reasons, the Court determines that Barr has engaged in a clear pattern of delay and has repeatedly violated the Local Rules and orders of this Court despite warning after warning.

The Court now reaches the question of whether lesser sanctions would suffice. When Barr previously failed to timely respond, the Court dismissed the action without prejudice. (Doc. # 50). Ultimately, the action was reopened and the Court explained why failing to respond resulted in such dismissal. (Doc. ## 56, 63). Those three orders placed Barr on notice of the consequences of not timely responding to a motion to dismiss and reminded him that he must comply with the Local Rules and Federal Rules of Civil Procedure. (Doc. # 56 at 2-3). Those orders, however, had no long-term effect, for Barr's pattern of delay and disregard for the Local Rules and the Court's orders continued, as previously documented herein. Dismissal without prejudice is thus insufficient.

In addition, because he is not an attorney, the Court cannot sanction him in his capacity as an officer of the court or in a professional capacity. Likewise, the Florida Bar cannot sanction him for the same reason, even if the Court

14

filed a report with the Florida Bar. Further, Barr is proceeding *in forma pauperis* thereby making monetary sanctions a hollow remedy. Given the circumstance with which the Court is confronted—viz., a pro se plaintiff proceeding *in forma pauperis* who, in spite of the Court's multiple warnings, continually violates the Local Rules, needlessly multiplies the proceedings, and fails to comply with Court orders—the Court finds that no lesser sanction will suffice.

Therefore, this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants One Touch Direct, LLC, AT&T Services, Inc., and DPG Employee Leasing LLC's Motion to Dismiss Plaintiff's Claims against Defendants with Prejudice (Doc. # 172) is **GRANTED.**

(2) This action is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

(3) All other motions that are currently pending are **DENIED AS MOOT.**

(4) The Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of March, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE